# Hickernell's Appeal.

1. Where applications are made to open judgments entered on warrants of attorney, the courts have a right to exercise their discretion upon the depositions. The appeal to the Supreme Court, given by the Act of April 4th 1877, was not intended to alter this right, but simply to provide that this discretion might be reviewed.

2. Where certain facts are alleged to have been the condition upon which a bond was executed, unless it appears from the evidence that the bond was executed upon this condition, the legal rights of the holder of the bond ought not to be affected by parol evidence of loose conversations.

3. Where a surety on a bond desires that the bond should be entered up, in order to create a lien on the estate of the principal, he should give notice in writing to the obligee, under the provisions of the Act of May 14th 1874.

May 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Appeal from the Court of Common Pleas of *Lebanon county:* Of May Term 1879, No. 72.

Appeal of David Hickernell from the decree of the court refusing to open a judgment.

John Hickernell gave a judgment-bond to John Flickinger in which David Hickernell was surety. Judgment was entered thereon

[Hickernell's Appeal.]

in November 1875. An application was made by appellant to open the judgment, and under a rule to show cause why it should not be opened, depositions were taken. From these depositions it appeared that about the 1st of April 1875, John Hickernell was indebted to John Flickinger to the amount of $1855 on two bonds, on one of which the appellant was surety. It was then agreed between the parties that for these two bonds a judgment-bond for the whole amount should be given by John Hickernell to Flickinger, and said bond having been executed, David Hickernell became surety thereon. There was evidence on the part of defendant that Flickinger, before the execution of the bond, had agreed to enter it up at once, so that it would become a lien upon the real estate of John Hickernell, which was then more than sufficient to pay the debt. On the contrary, on behalf of plaintiff there was testimony that although plaintiff had been asked subsequently to the execution of the bond to enter it up, he had never agreed to do so. John Hickernell became insolvent in June 1875. The judgment on the bond was entered in the following November, when this application to open it was made, on the ground that defendant had been injured by the negligence of plaintiff in not entering judgment on the bond. In the court below the appellant contended that if the said David Hickernell, the petitioner to open said judgment, has made out a prima facie case, he is entitled to have said judgment opened, and to have the same tried by jury; and that the testimony taken by Flickinger was irrelevant, and could not be read in the cause.

The court (Henderson, A. L. J.,) refused to sustain this proposition, and decided that upon the evidence there was no such agreement to enter up the bond as alleged by defendant, and discharged the rule. The defendant took this appeal, under the Act of April 4th 1877, Pamph L. 53, and alleged that the court erred in refusing to open the judgment and in discharging the rule.

*Grant Weidman* and *C. P. Miller*, for appellant.—We contend: 1st. That if the facts alleged by the petitioner are such as, if true, would defeat recovery upon the judgment in a trial upon its merits, then, if prima facie established by competent testimony, good cause for opening the judgment is shown by the petitioner; and

2d. If good cause is alleged in the petition, and evidence has been produced on the part of the petitioner to support his allegations, then he is entitled to have the judgment opened, so that a jury may pass upon the matter in controversy; and the court below exceeded its authority in determining which witnesses were to be believed, and on which side the weight of the evidence was found.

The right of trial by jury is a constitutional right, and the only recognised way of determining disputed facts: Trimble's Appeal,

6 Watts 133; Brown *v.* Parkinson, 6 P. F. Smith 341; Kellogg
*v.* Krauser, 14 S. & R. 137.

Whenever a party who commits a fraud and has acquired a benefit
from it, seeks to avail himself of the act, the court will interfere to
prevent it: Simms *v.* Slacum, 3 Cranch 307; Cochran *v.* Eldridge,
13 Wright 365. Whenever from the evidence there appears to be
a material fact in dispute, the determination of which, in one way
or the other, would alter the result, it is not the province of the
court to decide the controversy, or to determine upon which side
lies the weight of the evidence, but it then becomes the duty of the
court to make such order as will secure the hearing of the conten-
tion before a jury, the constitutional tribunal for the determination
of disputed matters of fact, if the right to be so heard is invoked
by either party: Overholt's Appeal, 2 Jones 224; Dickerson &
Haven's Appeal, 7 Barr 258; Ekel *v.* Snevily, 3 W. & S. 272;
Massey *v.* Buck, 1 Phil. Rep. 215.

The agreement to enter the judgment upon record was a sub-
stantial and material part of the consideration: Harlan *v.* Harlan,
8 Harris 307; Ayres's Appeal, 4 Casey 179. The courts permit
a party to show a verbal promise, and not included in the terms of
the written contract, made by one of the parties, at or before the
making of the instrument, if such promise was used or was induce-
ment to obtain the writing: Powelton Coal Co. *v.* McShain, 25 P.
F. Smith 245; Barclay *v.* Wainwright, 5 Norris 191; Lippincott
*v.* Whitman, 2 Id. 244; Shughart *v.* Moore, 28 P. F. Smith 469;
Graver *v.* Scott, 30 Id. 88; Caley *v.* Phila. & Chester Railroad,
Id. 364.

*J. P. S. Gobin,* for appellee.—The proceeding to open this judg-
ment was an application for the exercise of the equity powers of
the court, There is no equity in the application. The appellant
relied upon a purely technical defence.

When a rule to show cause, applied for upon proper grounds
shown, is granted, the adverse party, with his depositions, will be
fully heard: Snyder *v.* Castor, 4 Yeates 443. After a judgment
has been entered by confession, an application to open it is to be
determined by the court below, on a view of the evidence exhibited
on the hearing: Bunce et al. *v.* Wightman, 5 Casey 336. In pro-
ceedings relative to opening or refusing to open a judgment,' parol
evidence is heard: Ordroneaux *v.* Prady, 6 S. & R. 512; Kalbach
*v.* Fisher, 1 Rawle 323; Knox *v.* Flack, 10 Harris 337; Jones *v.*
Dilworth, 13 P. F. Smith 447.

. Any question *de hors* the record must depend upon the finding
of the facts by the court below: Righter *v.* Rittenhouse, 3 Rawle
273; Gordonier *v.* Billings, 27 P. F. Smith 502; Moyer *v.* Ger-
mantown Railroad Co., 3 W. & S. 92; Massey *v.* Buck, 1 Phila.
215; Bright. Eq. 490. Judgments under the practice in Pennsyl-

[Hickernell's Appeal.]

vanion will only be opened on sufficient grounds and proof of merits: Lawrence *v.* Rutherford et al., 1 Pearson 558; 1 Tr. & H. Pract. 654; Bailey *v.* Clayton, 8 Harris 297.

The exercise of the power asked for by the appellant, of the court below, was that entirely belonging to the discretion of the court: Connelly *v.* City of Phila., 5 Norris 112. This court will not review the conclusions of the court below as to the weight of evidence, but merely to ascertain the ground of their action, if at all: Jackson *v.* Morter, 1 Norris 295; Connelly *v.* City of Phila., 5 Id. 112. In strict practice the evidence is not brought up, or if it is, only that the appellate court may judge of its competency: Hutchinson *v.* Ledlie, 12 Casey 112.

The judgment of the Supreme Court was entered June 7th 1879,

PER CURIAM.—It is unnecessary to repeat what has been said in Earley's Appeal, *ante*, p. 321, that on rules to open judgments entered on warrants of attorney, the courts still have the right to exercise their discretion upon the depositions. The appeal was given by the Act of 1877, in order that the exercise of that discretion should be reviewed in this court. Before that act there was no appeal, and the decision of the lower court was final. The allegation of the appellant here was, that at the time the bond and warrant was executed, the obligee promised to enter it up, so as to be a lien on the real estate of John Hickernell. There was some evidence of this. We think, however, upon a careful examination of the whole testimony, it did not appear to have been made the condit'on upon which the bond was executed. Without this is shown, the legal rights of the holder of the bond ought not to be affected by the parol evidence of loose conversations. Had the surety in this case desired that the bond should be entered up, a notice to do so would have been sufficient. The legislature, recognising the danger of parol evidence in such cases, has provided, by the Act of May 14th 1874, that such notice shall be in writing.

Order affirmed. Appeal dismissed at the costs of appellant, and record remitted.